IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY LYNN BOWSER, | ) |
| Petitioner, | ) Civil Action No. 2:23-cv-74 |
| v. | ) |
| | ) Magistrate Judge Patricia L. Dodge |
| WARDEN OF SCI ALBION, *et al.*, | ) |
| Respondents. | ) |

**MEMORANDUM**

Pending before the Court[1] is a Petition for a Writ of Habeas Corpus (ECF No. 9) filed by Terry Lynn Bowser ("Petitioner") under 28 U.S.C. § 2254. Petitioner challenges the judgment of sentence imposed on him by the Court of Common Pleas of Mercer County on May 4, 2017, at criminal docket number CP-43-CR-1082-2016. For the reasons set forth below, the Court will deny the petition and will deny a certificate of appealability.

**I.     Relevant Background**

Petitioner entered a plea of nolo contendere to four counts of persons not to possess, use, manufacture, control, sell or transfer firearms.[2] The trial court explained the pre-plea events of the case as follows:

> Initially, [Petitioner] had been charged with over 40 counts of sex related offenses, where the two victims were under the age of 13. The co-defendant in this case, the mother of the victims, previously pled guilty to several of the sex related crimes and was sentenced to a total sentence of 35 to 70 years.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.
[2] 18 Pa.C.S.A. § 6105(a).

1

> While [Petitioner's] case was pending, [his] phone conversations from the Mercer County Jail were recorded including [his] conversations regarding possession of the firearms in question. For a variety of reasons the Commonwealth and [Petitioner] agreed to amend the information to add the gun charges and allow [Petitioner] to plead to those charges, dismissing all the sex offenses at the time of the plea.

(ECF No. 14-29 at 1-2.)

Petitioner was sentenced to 17 to 40 years of imprisonment on the gun charges.

Petitioner filed a direct appeal, but the Superior Court of Pennsylvania affirmed his judgment of sentence. *Commonwealth v. Bowser*, 195 A.3d 1008 (Pa. Super. 2018) (unpublished memorandum).

Petitioner subsequently filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. Following an evidentiary hearing (ECF No. 26-4), the trial court dismissed that petition, and the Superior Court affirmed the dismissal. *Commonwealth v. Bowser*, 281 A.3d 1041 (Pa. Super. 2022) (unpublished memorandum) (ECF No. 14-56.)

This petition for writ of habeas corpus was timely filed. In his petition, Petitioner raises three grounds for relief:[3] (1) a claim related to his intellectual disability; (2) post-sentence counsel's ineffectiveness; and (3) plea counsel's ineffectiveness. (ECF No. 9.)

Respondents filed an answer (ECF No. 14) and Petitioner filed a reply (ECF No. 23.) The petition is ripe for consideration.

**II.     Discussion**

    A.     <u>Jurisdiction</u>

The Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state court judgment. This statute permits a federal court to grant

---

[3] Although Petitioner lists four grounds for relief, Grounds One and Three both concern his intellectual disability.

2

a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable. *Id.*; *see, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is Petitioner's burden to prove that he is entitled to the writ. *See, e.g.*, *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

  B. Standard of Review

In 1996, Congress made important amendments to the federal habeas statutes with the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Among other things, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403-04 (2000)). It reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (internal quotations and citation omitted).

A finding of fact made by a state court has always been afforded considerable deference in a federal habeas proceeding. AEDPA continued that deference and mandates that "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*

AEDPA also put into place a new standard of review, which is codified at 28 U.S.C. § 2254(d). In this Court, it applies "to any claim that was adjudicated on the merits" by the Superior

3

Court of Pennsylvania and prohibits a federal habeas court from granting relief unless the petitioner established that the Superior Court's "adjudication of the claim":

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). For the purposes of § 2254(d), a claim has been "adjudicated on the merits in State court proceedings" when the state court (here, the Superior Court) made a decision that finally resolves the claim based on its substance, not on a procedural, or other, ground. *See, e.g.*, *Richter*, 562 U.S. at 98-100; *Robinson v. Beard*, 762 F.3d 316, 324 (3d Cir. 2014).

Subsection § 2254(d)(1) applies to questions of law and mixed questions of law and fact. A state-court adjudication is "contrary to…clearly established Federal law, as determined by the Supreme Court of the United States" § 2254(d)(1), "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," *Williams*, 529 U.S. at 405, or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent," *id.* at 406. A "run-of-the-mill" state-court adjudication applying the correct legal rule from Supreme Court decisions to the facts of a particular case will not be "contrary to" Supreme Court precedent. *Williams*, 529 U.S. at 406. Thus, the issue in most federal habeas cases is whether the adjudication by the state court survives review under § 2254(d)(1)'s "unreasonable application" clause.

"A state court decision is an 'unreasonable application of federal law' if the state court 'identifies the correct governing legal principle,' but 'unreasonably applies that principle to the facts of the prisoner's case.'" *Dennis v. Sec'y, Pennsylvania Dep't of Corr.*, 834 F.3d 263, 281 (3d Cir. 2016) (en banc) (quoting *Williams*, 529 U.S. at 413). To satisfy his burden under this

4

provision of AEDPA's standard of review, Petitioner must do more than convince this Court that the Superior Court's decision was incorrect. *Id.* He must show that it "'was *objectively* unreasonable.'" *Id.* (quoting *Williams*, 529 U.S. at 409) (emphasis added by Court of Appeals). This means that Petitioner must prove that the Superior Court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. As the Supreme Court noted:

> It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *See Lockyer* [*v. Andrade*, 538 U.S. 63 (2003)]*, supra*, at 75, 123 S. Ct. 1166. If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. *Cf. Felker v. Turpin*, 518 U.S. 651, 664, 116 S. Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further.

*Id.* at 102.

The standard of review set forth at § 2254(d)(2) applies when a petitioner "challenges the factual basis for" the state court's "decision rejecting a claim[.]" *Burt v. Titlow*, 571 U.S. 12, 18 (2013).[4] "[A] state court decision is based on an 'unreasonable determination of the facts' if the state court's factual findings are 'objectively unreasonable in light of the evidence presented in the state-court proceeding,' which requires review of whether there was sufficient evidence to support the state court's factual findings." *Dennis*, 834 F.3d at 281 (quoting § 2254(d)(2) and citing *Miller-*

---

[4] Sections 2254(d)(2) and (e)(1) "express the same fundamental principle of deference to state court findings[,]" and federal habeas courts "have tended to lump the two provisions together as generally indicative of the deference AEDPA requires of state court factual determinations." *Lambert*, 387 F.3d at 235. The Court of Appeals has instructed that when it applies, § 2254(d)(2) provides the "overarching standard" that a petitioner must overcome to receive habeas relief, while 2254(e)(1) applies to "specific factual determinations that were made by the state court, and that are subsidiary to the ultimate decision." *Id.*

*El v. Cockrell*, 537 U.S. 322, 340 (2003)). "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Titlow*, 571 U.S. at 18 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)); *see Rice v. Collins*, 546 U.S. 333, 342 (2006) (reversing court of appeals' decision because "[t]he panel majority's attempt to use a set of debatable inferences to set aside the conclusion reached by the state court does not satisfy AEDPA's requirements for granting a writ of habeas corpus."). Thus, "if '[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede'" the state court's adjudication. *Wood*, 558 U.S at 301 (quoting *Collins*, 546 U.S. at 341-42).

      C.     <u>Exhaustion and Procedural Default</u>

The "exhaustion doctrine" requires that a state prisoner raise his federal constitutional claims in state court through the proper procedures before he litigates them in a federal habeas petition. *See, e.g.*, *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). It is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). It "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts[.]" *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Additionally, and importantly, a petitioner must have "invoke[d] one complete round of the State's established appellate review process[,]" in order to satisfy the exhaustion requirement. *O'Sullivan*, 526 U.S. at 845. In Pennsylvania, this requirement means that a petitioner in a non-capital case such as this one must have first presented every federal constitutional claim raised in

6

his federal habeas petition to the Superior Court. *See, e.g.*, *Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004).

The doctrine of procedural default, like the doctrine of exhaustion, is "grounded in concerns of comity and federalism," *Coleman*, 501 U.S. at 730. To summarize, it provides that a Pennsylvania state prisoner in a non-capital case defaults a federal habeas claim if he: (a) failed to present it to the Superior Court and he cannot do so now because the state courts would decline to address the claims on the merits because state procedural rules (such as, for example, the PCRA's one-year statute of limitations) bar such consideration; or (b) failed to comply with a state procedural rule when he presented the claim to the state court, and for that reason the Superior Court declined to address the federal claim on the merits. *See, e.g.*, *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *O'Sullivan*, 526 U.S. at 851-56 (Stevens, J. dissenting) (describing the history of the procedural default doctrine); *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Lines v. Larkins*, 208 F.3d 153, 162-69 (3d Cir. 2000).

A petitioner may avoid the default of a claim by showing "cause for the default and actual prejudice as a result of the alleged violation of federal law[.]"*Coleman*, 501 U.S. at 750. "'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[.]" *Id.* at 753 (emphasis in original).

A petitioner may also overcome his default by demonstrating "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. This means that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" *Schlup v. Delo*, 513 U.S. 298, 316 (1995). "To be credible, such a claim requires petitioner to support his allegations of

7

constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Id.* at 324. In only the extraordinary case will a petitioner be able to establish a "fundamental miscarriage of justice."

D. Petitioner's Claims

1. Intellectual disability

Petitioner offers little development of this claim, referring only to an unspecified "intellectual disability,"[5] (ECF No. 9 at 14), and illiteracy, (*id.* at 8), and stating that he did not understand what "the counsel" "were doing." (*Id.*) He does not identify the constitutional basis for his claim. However, in their Answer, Respondents framed this claim as one that Petitioner's intellectual disability prevented him from communicating with counsel and understanding the plea he entered. (ECF No. 14 at 21.) Such a claim raises due process concerns. *See Parry v. Rosemeyer*, 64 F.3d 110, 113-14 (3d Cir. 1995). In his Reply, Petitioner does not challenge that characterization of his claim.

Respondents argue that this claim was not exhausted in state court. (*Id.* at 21-22.) They are correct. Petitioner does not assert nor does the record reveal that he raised this issue in state court. Although Petitioner did file a motion to withdraw his plea in the trial court, neither due process nor his inability to understand the plea were bases for the motion. (ECF No. 14-12.)

---

[5] At an evidentiary hearing before the PCRA court, when explaining why his wife helped him communicate with his counsel with regard to his post-sentence motion, Petitioner testified that he has a learning disability and can read "basic stuff" but not "harder stuff." (ECF No. 26-4 at 17.) He further testified that he has a G.E.D. (*Id.*) The Court notes that Petitioner was able to prepare multiple documents filed in this Court. It is for that reason that the Court denied next friend standing to Petitioner's wife in this case, finding that Petitioner is able to litigate a federal habeas proceeding on his own behalf. (ECF No. 6 at 2.)

In explaining why he did not raise this issue on direct appeal, Petitioner states, "It was recently discovered by counsel. Even though told many times by Mr. Bowser that's why Mr. Bowser needed Alicia Bowser former Alicia Campbell to help and speak on his behalf." (ECF No. 9 at 12.) Petitioner does not identify when or how this discovery was made, nor does he provide the identity of the counsel to which he refers. Petitioner further provides no explanation as to why he did not raise this issue in post-conviction proceedings. (*Id.*)

Because he is time-barred from raising this claim in state court now, it is procedurally defaulted. In his Reply, Petitioner makes no attempt to overcome the default. Accordingly, he is not entitled to habeas relief on this claim.

2. Post-sentence counsel's ineffectiveness

As set forth above, Petitioner filed a PCRA petition in state court. After that petition was denied, he filed an appeal from that denial. In his statement of matters complained of on appeal, he raised for the first time a claim that his counsel abandoned him during the post-sentence stage. (ECF No. 14-52 at 7.) The PCRA court found that Petitioner was not entitled to raise this claim on appeal because he had not raised it in his PCRA petition. (*Id.*) The Superior Court agreed with the PCRA court and found that Petitioner waived this challenge to his counsel's effectiveness by failing to advance it in his PCRA petition or at the PCRA evidentiary hearing. (ECF No. 14-56 at 4-5.) Both the PCRA court and the Superior Court noted that even if preserved, the claim of abandonment would merit no relief because Petitioner had been adequately represented by both counsel and standby counsel at the post-sentence hearing. (ECF No. 14-52 at 7 n.2; ECF No. 14-56 at 5 n.4.)

In the instant petition, Petitioner raises this ground for habeas relief:

9

> In a case where the Superior Court concluded that the PCRA counsel waived an issue and noted in dicta that the underlying claim was ultimately without merit, is the Appellant still entitled to remand under Commonwealth v. Bradley[?][6] (Yes)

(ECF No. 9 at 13.)

As he frames this claim, Petitioner seeks a "remand" of the case in order to develop a claim that the Superior Court found to be waived. This relief is not available in habeas litigation. As Respondents correctly assert (ECF No. 14 at 18-19), to the extent that Petitioner seeks to litigate a cognizable claim of counsel's ineffectiveness, that claim is procedurally defaulted because he failed to comply with a state procedural rule when he presented it to the state court, and for that reason the state court declined to address the federal claim on the merits. Petitioner does not attempt to overcome this default in any manner. Thus, he is not entitled to habeas relief on this claim.

          3.     Plea counsel's ineffectiveness

Finally, Petitioner claims that Sarah T. Kovoor, who was one of his privately retained counsel at the time of his plea, was ineffective. (ECF No. 90 at 16.) Petitioner asserts that "her guidance is what let him not to get merit." *Id.* He further asserts that, in assisting her co-counsel, Charles F. Gilchrest, Kovoor (and Gilchrest) failed to file several documents requested by Petitioner, which he identifies as "(1) Rule 600 (2) Lower Bond (3) sentence reduced or reviewed." *Id.*

Respondents argue that this claim was not exhausted. (ECF No. 14 at 19.) Respondents are correct. Petitioner did not exhaust this claim in state court. Because he is time-barred from raising

---

[6] Petitioner presumably refers to *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), in which the Supreme Court of Pennsylvania set forth a procedure which allowed a PCRA petitioner to raise in state court claims of ineffective PCRA counsel at the first opportunity, even if on appeal. This case has no bearing on the instant habeas litigation.

10

this claim in state court now, it is procedurally defaulted. Petitioner makes no attempt to overcome the default. Accordingly, he is not entitled to habeas relief on this claim.

### III. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Applying those standards here, jurists of reason would not find it debatable whether Petitioner's claims should be denied for the reasons given herein. Thus, a certificate of appealability will be denied with respect to his claims.

### IV. Conclusion

For these reasons the Court will deny the petition and will deny a certificate of appealability.

An appropriate Order follows.

Date:  July 10, 2024                                           /s/ Patricia L. Dodge
                                                               PATRICIA L. DODGE
                                                               United States Magistrate Judge